# IN THE UNITED STATES DISTRICT COURT
## FOR THE Northern DISTRICT OF TEXAS
### Fort Worth DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

APR 25 2013    2:12

CLERK, U.S. DISTRICT COURT
By _____
Deputy

Form To Be Used By A Prisoner in Filing a Complaint
Under the Civil Rights Act, 42 U.S.C. § 1983

Johnson Dennis
_____
Plaintiff's name and ID Number

Tarrant County Jail
_____
Place of Confinement

**4-13CV336-A**

CASE NO. _____
(Clerk will assign the number)

v. Johnson Dennis
100 N. Lamar st fort worth Texas 76102
M.H.M.R Dr. Wue
_____
Defendant's name and address
100 N. Lamar st fort worth Texas 76102
M.H.M.R Dr wue
_____
Defendant's name and address
100 N. Lamar st fort worth Texas 76102
M.H.M.R Dr wue
_____
Defendant's name and address
( DO NOT USE "ET AL.")

---

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the Clerk of the United States Court for the appropriate District of Texas in the Division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. The list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate District Court, the Division and an address list of the Divisional Clerks.

1

## FILING FEE AND IN FORMA PAUPERIS

1. I n order for your complaint to be filed, it must be accompanied by the filing fee of $250.00.

2. I f you do not have the necessary funds to pay the filing fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis (IFP)*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six (6) month history of your Inmate Trust Account. You can acquire the application to proceed IFP and appropriate Inmate Account Certificate from the law library at your prison unit.

3. 28 U.S.C. 1915, as amended by the Prison Litigation Reform Act of 1995 (PLRA), provides, "…if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." Thus, the Court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the Court will apply 28 U.S.C. 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your Inmate Account, until the entire $250 filing fee has been paid.

4. I f you intend to seek *in forma pauperis* status, then do not send your complaint without an Application to Proceed IFP, and the Certificate of Inmate Trust Account. Complete all the essential paperwork before submitting it to the Court.

## CHANGE OF ADDRESS

It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion (s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.  PREVIOUS LAWSUITS:

    A. Have you filed *any* other lawsuits in state or federal court relating to your imprisonment? ___YES ✓NO

    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

      1. Approximate date of filing lawsuit: _____N/A_____

      2. Parties to previous lawsuit:

        Plaintiff(s)_____N/A_____

        Defendant(s)_____N/A_____

      3. Court: (If federal, name the district; if state, name the county.) _____N/A_____

      4. Docket Number:_____N/A_____

      5. Name of judge to whom case was assigned:_____N/A_____

      6. Disposition: (Was the case dismissed, appealed, still pending?) _____N/A_____

      7. Approximate date of disposition:_____N/A_____

II.     PLACE OF PRESENT CONFINEMENT: Tarrant County

III.    EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted both steps of the grievance procedure in this institution? ✓ YES ___ NO

Attach a copy of the Step 2 grievance with the response supplied by the prison system.

IV.     PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Johnson Dennis
100 N. Lamer st Fort worth Texas 76102 ( home address
4608 Lois st Fort worth Texas 76119 (817) 534-2948

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: M. H. M. R Dr miss Wue

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

I was prescribed the wrong medication

Defendant #2: by M. H. M. R Dr miss Wue

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Dr prescribed me some medication that

Defendant #3: made me sick the frist Tine and prescribed same medication again on 3-2-13

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

that gave me side effects like hereing voices

Defendant #4: and seeing dead peoples in my sleep and when I'm awake. And give me real

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

bad Anxicty hereing dieing peoples talking

Defendant #5: to me in my room and in the day room can't sleep been asking for

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

help for the last 45 to 60 days

3

V.     STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

I been giving the wrong medication. And medication been giving side effect having me hering voices and seeing dead peples in my sleep and in the day room and hereing voices. And I been trying to go to a mental Hospital for my mental problems I been having for how ever long I need to be there to help myself with my mental Problems I'm having. On seeing and hereing voices and seeing dieing peples walking and talking toiking to me. I been asking for help every day been writing M.H, M.R every day for help, I Just want help with my mental problems Pleas

VI.    RELIEF: State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I want the courts to help me get to a mental Hospital to get me some help. And get the money that they O me for giving me the wrong medication and making me sick like this

VII.   GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases:

M.H, M.R   Dr "miss Wue"

B. List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if known to you.

S72743   its one more but I don't remember number

VIII.  SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?      ___YES  ✓ NO

B. If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed sanctions (if federal, give the district and division): _____ N/A

   2. Case Number: ___ N/A

   3. Approximate date sanctions were imposed: ___ N/A

   4. Have the sanctions been lifted or otherwise satisfied?      ___YES  ✓ NO

4

C. Has any court ever warned or notified you that sanctions could be imposed?      _____ YES   ✓ NO

D. If your answer is "yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer the same questions.)

    1. Court that imposed warning (if federal, give the district and division): _____ N/A _____

    2. Case Number: _____ N/A _____

    3. Approximate date warnings were imposed: _____ N/A _____

Executed on: _____ N/A _____
           DATE

                                          _____ N/A _____

                                            N/A
                                            (Signature of plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire $250 filing fee and costs assessed by the Court, which shall be deducted in accordance with the law from my inmate account by my custodian until the filing fee is paid.

Signed this _Dennis Johnson_ day of _April 3_, _2013_.
               (Day)           (month)        (year)

                                    Dennis Johnson
                                    Dennis Johnson
                                    (Signature of plaintiff)

**WARNING: The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions. The sanctions the Court may impose include, but are not limited to monetary sanctions and/or the dismissal of this action with prejudice.**

# PRISONER SELF-HELP PACKET

## CIVIL RIGHTS COMPLAINTS -- 42 U.S.C. § 1983
(Federal Court)

**Prison or Detention Center Resources:**

    42 U.S.C. § 1983
    Federal Rules of Civil Procedure
    Local Rules for the United States District Court for the District of Idaho
    Prisoner Self-Help Litigation Manual
    Black's Law Dictionary
    Shepherd's Rights of Prisoners

**This Packet Contains the Following:**

1.    Instructions for filing a Complaint under 42 U.S.C. § 1983

2.    Prisoner Civil Rights Complaint.

3.    Application for In Forma Pauperis Status.

4.    Statement of Trust Fund Account.  **You will need to send this to your institution's accounting office as soon as possible, so it can be completed and returned to you.**

To Dennis Johnson  4-7-13

## PRISONER CIVIL RIGHTS COMPLAINTS – 42 U.S.C. § 1983
## LEGAL STANDARDS

### I. INTRODUCTION

A **civil rights** case involves a claim seeking relief for the violation of a person's constitutional rights. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Under this law, a person who acts under color of state law to violate another's constitutional rights may be liable for damages and injunctive relief.

#### A. Bringing the Action

To begin an action, you must file an original copy of the Prisoner Civil Rights Complaint form (complaint) and a copy to be served on each named defendant. You should also keep a copy for your own records. There is a filing fee of $350.00. If you cannot pay the filing fee, you must file an *Application for In Forma Pauperis Status* which includes a statement of your assets. You must also submit a certified copy of your prisoner trust fund balance for a six-month period. 28 U.S.C. § 1915 (b)(1). Based on the information in your application, the Court will grant the request and direct the appropriate agency to periodically collect the filing fee from your trust fund and forward it to the Clerk of Court. The full fee will typically be collected, even if the court dismisses your case because it is found to be frivolous or malicious.

Your complaint must be legibly handwritten or typed. The complaint must contain a summary of the facts and your signature with a declaration under penalty of perjury that the facts in the complaint are true. The Court does not expect pro se prisoner litigants to argue legal authority in their complaints or motions.

In the section of the complaint entitled "Cause of Action" tell the court which of your constitutional rights were violated. In the supporting facts section give a complete but plain narrative of the incident(s), which violated your rights. Include time and place details. Be specific about what each defendant did. **It is not enough to merely list the defendants at the beginning of the complaint. The complaint must clearly describe how you were injured by the action or omission of each defendant.** This is the most important section of the complaint. Without a detailed and clear "facts" section, the court will be unable to determine if you have a valid claim.

#### B. Jurisdiction

Jurisdiction is the authority given a court to hear and decide certain cases. For a court to render a valid judgment, it must have jurisdiction both over the subject matter of your lawsuit and over the persons or entities involved. Section 1983 lawsuits fall within the federal court's jurisdiction to hear matters arising under the United States Constitution and federal laws.

The Court must also have jurisdiction over the persons or entities being sued. The basic due process requirement for personal jurisdiction is whether the defendant has minimum contacts with the State of Idaho "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Plaintiff bears the burden of proving that the Court has personal jurisdiction over the defendants. *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1995).

Supplemental jurisdiction allows the Court to hear state law claims when they are "so related" to the federal claims "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. In other words, the supplemental jurisdiction power extends to all state and federal claims which one would ordinarily expect to be tried in one judicial proceeding. *Penobscot Indian Nation v. Key Bank of Maine*, 112 F.3d 538, 563-64 (1st Cir.1997); *Coastal Fuels of Puerto Rico, Inc. v. Caribbean Petroleum Corp.*, 79 F.3d 182, 190 (1st Cir.1996). However, if a plaintiff's federal claims are dismissed, the Court may decline to exercise supplemental jurisdiction over plaintiff's state claims. 28 U.S.C. § 1367(c)(3).

## II. PRELIMINARY CONSIDERATIONS IN FILING A COMPLAINT

### A. Initial Review Process

When a prisoner asks for *in forma pauperis* filing status or seeks relief against a governmental entity or an employee of that entity, the Court must authorize the lawsuit to proceed before defendants can be served. The Court reviews each complaint to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915. The Court is required to dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief can be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Therefore, it is important to consider the validity of your claims prior to filing a civil rights complaint. In the event the Court determines that three or more of a prisoner's lawsuits are malicious or fail to state legally cognizable claims, the prisoner will not be allowed to file a new civil action or appeal a judgment in a civil action *in forma pauperis*. 28 U.S.C. § 1915 (g). The only exception to this is if the prisoner can show that he is in imminent danger of serious physical injury. *Id.*

If a prisoner pays the Court's filing fee, the complaint will still be reviewed if the lawsuit is brought against a governmental entity or an employee of that entity. Prisoners who pay the filing fee are responsible for serving the complaint.

Due to the large number of prisoner civil rights complaints filed with the Court, the review process can take up to three months. Plaintiffs cannot serve defendants, pursue discovery, or request entry of a default judgment prior to the time their complaint has been reviewed.

### B. Exhaustion of Prison or Detention Center Grievance System

42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted." A recent Supreme Court case has held that where an inmate seeks money damages for a prison conditions claim, he or she must complete the prison administrative process for the claims, even if the process does not provide for money damages. *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 1821 (2001). The prison administrative process is sufficient if it "could provide some sort of relief on the complaint." *Id*. In *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983 (2002), the Supreme Court confirmed that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*, 122 S.Ct. at 992.

Therefore, you must proceed through all levels of the administrative grievance system at the facility in which you are incarcerated. For example, if the correctional institution requires you to attempt an informal resolution of the problem prior to filing a grievance, you must follow each step, up through and including an appeal to the warden. **Plaintiff must be able to show that he or she fully exhausted the grievance system for each claim brought in the lawsuit as to each defendant. Failure to exhaust is a basis for dismissal of your complaint.**

### C. Immunity from the Lawsuit

Plaintiffs often name defendants in the lawsuit who are immune from prosecution. When this happens, the defendants are dismissed from the lawsuit. The following legal rules regarding immunity should be considered.

### 1. The State of Idaho

The Eleventh Amendment to the United States Constitution generally prohibits litigants from bringing suits against states, state agencies, and state officials acting in their official capacity. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 113 S.Ct. 684 (1993). An exception to this rule is a request for prospective injunctive relief against a government official. *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441 (1908). Where there is no claimed continuing violation of federal law, a federal court may not issue declaratory or injunctive relief. *Green v. Mansour*, 474 U.S. 64, 71, 106 S.Ct. 423, 427 (1985).

### (A) Official and Individual Capacity

As a result of Eleventh Amendment immunity, states are not considered "persons" under the provisions of § 1983. *Hafer v. Malo*, 502 U.S. 21, 26, 112 S.Ct. 358, 362 (1991). Accordingly, suits against state actors "acting in their official capacities" are actually suits against the state, and are barred by the Eleventh Amendment. When a plaintiff seeks damages against a state official, the Court construes the complaint as an individual capacity suit because an official capacity suit for damages would be barred. *Cerrato v. San Francisco Community College Dist.*, 26 F.3d 968, 973 n.16 (9th Cir. 1994).

Individual capacity suits "seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3009, 3105 (1985). "A victory in such a suit is a 'victory against the individual defendant, rather than against the

entity that employs him,'" and "[t]hus, the Eleventh Amendment prohibition against monetary damages imposed on a state does not apply. . . ." *Cerrato*, 26 F.3d at 973.

There are two theories under which a state official may be held liable for actions or omissions in his or her individual capacity: (1) personal involvement in the act or omission which caused the injury; or (2) sufficient causal connection between the official's act or omission and the injury. There is no respondeat superior liability under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). If the state official did not have personal involvement in the alleged constitutional deprivation, then plaintiff must show that the official "implement[ed] a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991). A supervisor may also be held liable for the constitutional violations of subordinates if the supervisor "directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d at 1045.

## 2. United States Government

The United States government is immune from lawsuits unless it specifically consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769-70 (1941) (citations omitted); *Arnsberg v. United States*, 757 F.2d 971, 977-78 (9th Cir. 1985) (no right to money damages against United States without sovereign immunity waiver). A waiver of sovereign immunity must be unequivocally expressed by Congress. *Doe v. Attorney General of the United States*, 941 F.2d 780, 788 ( 9th Cir. 1991) (quoting *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1503 (1969).

## 3. Judges

Under the doctrine of absolute judicial immunity, a judge is not liable for monetary damages for acts performed in the exercise of his judicial functions. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 1102 (1978). Judicial officers are also generally entitled to absolute immunity from claims for injunctive relief. *Kampfer v. Scullin*, 989 F.Supp. 194, 201 (D.N.Y. 1997).

## 4. Parole Board Members and Officers

Parole board members are entitled to absolute judicial immunity for the imposition of parole conditions. *Anderson v. Boyd*, 714 F.2d 906, 909 (9th Cir. 1983). Parole officers are typically protected by absolute immunity when their activities are connected with the execution of parole revocation procedures. *Wilson v. Kelkhoff*, 86 F.3d 1438, 1444 (7th Cir. 1996); *King v. Simpson*, 189 F.3d 284, 287 (2nd Cir. 1999) (parole officers receive absolute immunity for their actions in initiating parole revocation proceedings and in presenting the case for revocation).

## 5. County Prosecutors and Attorneys General

A prosecutor is entitled to quasi-judicial immunity from liability for damages under 42 U.S.C. § 1983 when the alleged wrongful acts were committed by the prosecutor in the performance of an integral part of the *criminal* judicial process. *Robichaud v. Ronan*, 351 F.2d 533, 536 (9th Cir. 1965);

*Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984 (1976). Such quasi-judicial immunity has been extended to a *special assistant* to the Attorney General of the United States for actions related to criminal actions in which he participated as a prosecuting attorney, *Yaseli v. Goff*, 12 F.2d 396 (2d Cir. 1926) and to *federal government attorneys* who were involved in a prior *civil* taxpayer litigation. *Flood v. Harrington*, 532 F.2d 1248 (9th Cir. 1976); *Bly-Magee v. California*, 236 F.3d 1014 (9th Cir. 2001) (plaintiff could not sue deputy attorneys general for conduct related to their state litigation duties, including the defense of the plaintiff's prior and present lawsuits).

### 6. Qualified Immunity Defense for Other State Actors

Qualified immunity can also provide a defense against money damages for certain defendants. In § 1983 actions, the doctrine of qualified immunity protects state officials from personal liability for on-the-job conduct so long as the conduct is objectively reasonable and does not violate an inmate's clearly-established federal rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982) (citations omitted). Contrarily, a state official may be held personally liable in a § 1983 action if he knew or should have known that he was violating a plaintiff's clearly-established federal rights. *Id.* "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable [defendant] that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 2156 (2001) (citing *Wilson v. Layne*, 526 U.S. 603, 615, 119 S.Ct. 1692, 1699-1700 (1999)). Dismissal is appropriate where "the law did not put the [defendant] on notice that his conduct would be clearly unlawful." *Id.*, 121 S.Ct. at 2156-57.

Rulings on the qualified immunity defense "should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive, " inasmuch as the defense is "an immunity from suit rather than a mere defense to liability." *Saucier v. Katz*, 121 S.Ct. at 2155-56 (2001). The immunity extends only to money damages against defendants, and not to requests for injunctive relief.

### D. Statute of Limitations

Your complaint must set forth the dates on which the constitutional rights violations occurred. A statute of limitations is a law that sets a particular period of time within which a suit must be filed. It begins to run when the injury occurs or the constitutional right is violated. The statute of limitations period for filing a civil rights suit is the same as the limitation period for personal injuries in the state where the claim arose. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938 (1985). In Idaho, the statute of limitations period for personal injury actions is two years. I.C. § 5-219(4). The Court will determine whether the alleged violations occurred within the statute of limitations.

### E. Heck v. Humphrey

Prisoners often bring § 1983 lawsuits seeking monetary damages, reversal of their convictions, and release from prison. In *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973), the Supreme Court held that habeas corpus was the sole remedy for a prisoner seeking a release from punishment. Also, in *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994), the Supreme Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other

harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been **reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.**" As a result, "a claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.*

A § 1983 action alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned. *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir.2000) (relying on *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994)).

*Heck v. Humphrey* also bars § 1983 lawsuits challenging the validity of an arrest and pending criminal charges. *Harvey v. Waldron*, 210 F.3d 1008, 1014 (9th Cir.2000); *Alvarez-Machain v. United States*, 107 F.3d 696, 700-01 (9th Cir.1997); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir.1998) (holding *Heck* barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir.1996) (holding *Heck* barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him). Additionally, plaintiffs are barred from challenging the denial of good-time credits because it would imply the validity of their convictions. *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 1589 (1997). The *Heck* bar also applies to a lawsuit against parole officials where a plaintiff was found ineligible for parole. *Butterfield v. Bail*, 120 F.3d 1023 (9ʰ Cir. 1996).

These types of actions are barred until the plaintiff's criminal charges have been dismissed or any resulting conviction is overturned either on direct review or by way of a writ of habeas corpus after he has fully exhausted his state court remedies under 28 U.S.C. §§ 2254(b), (c).

## III.  ALLEGING SPECIFIC CONSTITUTIONAL RIGHTS VIOLATIONS

### A.  Eighth Amendment Medical Claims

To prevail on an Eighth Amendment claim regarding prison medical care, a plaintiff must show that prison officials' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 1000 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04, 97 S.Ct. 285, 290-91 (1976)). "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* The definition of serious medical need includes the following:

> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain; . . . [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

*McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference. *Farmer v. Brennan*, 511 U.S. 825, 838, 114 S.Ct. 1970, 1979 (1994). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Mere indifference, medical malpractice, or negligence alone will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980). Also, a mere delay in treatment does not constitute a violation of the Eighth Amendment, unless the delay causes serious harm. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

## B. Eighth Amendment Non-Medical Claims

To state a claim asserting cruel and unusual punishment under the Eighth Amendment, a plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977 (1994). A plaintiff must also show that Defendants were deliberately indifferent to the substantial risk of serious harm. Deliberate indifference exists when an official knows of and disregards a condition posing a substantial risk of serious harm or when the official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws the inference. *Id.*, 511 U.S. at 837, 114 S.Ct. at 1979.

Verbal harassment, abuse and threats, without more, are not sufficient to state a constitutional deprivation under § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136 (9th Cir. 1987) (allegations that correctional counselor told plaintiff that he would transfer him to a higher custody status unit if he tried to go to the law library and that he would be sorry if he filed a class action suit were not actionable under § 1983); *Freeman v. Arpaio*, 125 F.3d 732 (9th Cir. 1997) (abusive language directed at prisoner's religious and ethnic background not actionable); *(Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (allegations that defendant "verbally abused and threatened him for filing grievances" did not constitute a constitutional violation); *McFadden v. Lucas*, 713 F.2d 143, 147((5th Cir. 1983) ("While twenty-two officers armed with sticks and threatening demeanor may arguably be excessive, we must, in the absence of physical abuse, concur with the lower court's dismissal. The alleged conduct, absent more, cannot be said to rise to the level of conduct which 'shocks the conscience'").

## C. First Amendment Access to Courts Claims

Inmates have a constitutional right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 817, 821, 828, 97 S.Ct. 1491,1492-93, 1494, 1498 (1977). A plaintiff must show that he suffered an actual injury as a result of the alleged denial to access in order to prevail on this First Amendment claim. *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174 (1996). Actual injury may be shown if the denial "hindered his efforts to pursue a legal claim," such as having his complaint dismissed for "for failure to satisfy some technical requirements" caused by the denial, or if he "suffered arguably actionable harm that he wished to bring before the courts, but was so stymied [by the denial] that he was unable even to file a complaint."

*Id.*, 518 U.S. at 351, 116 S.Ct. at 2180. The *Lewis* Court noted that the right to access courts claims covered by the *Bounds* line of cases covers only a limited type of cases: direct appeals from convictions for which the inmates are incarcerated, habeas petitions, and civil rights actions regarding prison conditions. Id.518 U.S. at 354, 116 S.Ct. at 2180-81. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.*, 518 U.S. at 355, 116 S.Ct. at 2182.

### D. Prison Employment Claims

Plaintiffs often allege that they were denied the right to employment within the prison. Inmates do not have a protected liberty interest in prison employment. *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).

### E. 42 U.S.C. § 1985, 1986 Claims

Plaintiffs often assert claims under 42 U.S.C. § 1986. A prerequisite to stating a Section 1986 claim is stating a Section 1985 claim. *McCalden v. California Library Association*, 955 F.2d 1214, 1223 (9th Cir. 1992). Section 1985 governs conspiracies to interfere with civil rights. In order to state a claim under either Section 1985(2) or (3), a plaintiff must allege a racial or class-based discriminatory motive behind the conspirators' actions. *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *A & A Concrete, Inc. v. White Mountain Apache Tribe*, 676 F.2d 1330, 1333 (9th Cir. 1982) (claims under sections 1985(2) and 1985(3) require the element of class-based animus).

### F. Retaliation Claims

A retaliation claim must allege the following: (1) that Plaintiff exercised a constitutional right; (2) that prison officials' behavior was in retaliation for Plaintiff having exercised that right; and (3) that prison officials' actions either did not advance legitimate correctional goals or were not narrowly tailored to meet those goals. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985). A retaliation claim may proceed without any showing of harm other than a chilling effect of First Amendment rights. *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001) (citing *Hines v. Gomez*, 108 F.3d 265 (9th Cir. 1997)).

### G. Transfer, Classification, and Due Process Claims

Inmates do not have a liberty interest in being classified at a particular level or in a particular institution within the prison system. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoners generally have no constitutionally-protected liberty interest in being held at, or remaining at, a given facility); *Rizzo v. Dawson*, 778 F.2d 527 (9th Cir. 1985).

A classification change assigning an inmate to administrative segregation requires only minimal Due Process. The Ninth Circuit has held that when prison officials determine whether a prisoner is to be placed in administrative segregation, the following due process protections are applicable: (1) the prisoner be informed of the charges against him or the reasons segregation is considered; (2) prison officials must hold an informal non-adversary hearing within a reasonable time after the prisoner is segregated; and (3) the prisoner must be allowed to present his views to the "official charged with deciding whether to

transfer him to administrative segregation." *Toussaint v. McCarthy*, 926 F.2d 800, 803 (9ᵗʰ Cir. 1990) (internal citation omitted).

While in administrative segregation, a prisoner must receive a periodic review of his confinement. *Hewitt v. Helms*, 459 U.S. 460, 477, 103 S.Ct. 864 (1983). A review every 120 days satisfies due process, and the timing of the reviews is subject to administrative discretion. *Toussaint*, 926 F.2d at 803. The periodic reviews must be "more than 'meaningless gestures'" in order to satisfy Due Process. *Toussaint v. Rowland*, 711 F.Supp. 536, (D. Cal. 1989) (quoting *Toussaint v. McCarthy*, 801 F.2d 1080, 1102 (9ᵗʰ Cir. 1986).

Due Process requires that an inmate's placement and retention in administrative segregation be supported by "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768 (1985). Due Process is satisfied if statements by unidentified inmate informants provide some evidence of the reasons for the segregation, so long as the record contains "some indicia of reliability," *Cato v. Rushen*, 824 F.2d 703, 705 (9ᵗʰ Cir. 1987), and so long as prison officials aver that safety considerations prevented disclosure of the informant's name. *Zimmerlee v. Keeney*, 831 F.2d 183, 186 (9ᵗʰ Cir. 1997).

The Ninth Circuit has determined that Due Process does not require any of the following: (1) detailed written notice of charges; (2) representation by counsel or counsel-substitute; (3) an opportunity to present witnesses; (4) a written decision describing the reasons for placing the prisoner in administrative segregation; or (5) the disclosure of the identity of any person providing information leading to the placement of the prisoner in administrative segregation. *Toussaint v. McCarthy*, 801 F.2d at 1100-01.

The Supreme Court has also recently confirmed that "[a]n essential tool of prison administration . . . is the authority to offer inmates various incentives to behave." *McKune v. Lile*, 122 S. Ct. 2017, 2028 (2002)(as a consequence of an inmate's refusal to admit his guilt to a sex offense crime as part of a rehabilitation program, he was reclassified and transferred to a maximum security prison. This did not constitute an atypical and significant hardship in relation to ordinary incidents of prison life). Prison officials are given wide latitude to bestow or revoke the various privileges accorded to inmates. *Id*. "[B]y virtue of their convictions, inmates must expect significant restrictions, inherent in prison life, on rights and privileges free citizens take for granted." *Id*.

**H. Destruction of Personal Property**

The random negligent or intentional unauthorized deprivation of property by state officials does not state a cognizable cause of action under § 1983 if the plaintiff has an adequate state post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194 (1984); *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981), *overruled on other grounds; Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986); *Taylor v. Knapp*, 871 F.2d 803, 805-06 (9th Cir.1989). An adequate state post-deprivation remedy is available for such claims in this state under the Idaho Tort Claims Act, I.C. § 6-901, *et seq*., enacted to provide redress for citizens injured by the tortious acts of governmental entities, officials, and employees.

However, deprivations of property which have occurred as a result of "an affirmatively

established or de facto policy, procedure, or custom, [and] which the state had the power to control," are actionable under the Due Process clause. *Abbott v. McCotter*, 13 F.3d 1439, 1443 (10th Cir. 1994) (internal citation omitted); *San Bernardino Physicians' Services Medical Group, Inc. v. San Bernardino County*, 825 F.2d 1404, 1410 (9th Cir. 1987) (where there has been alleged "planned, non-random behavior on the part of the state . . . a section 1983 case for violation of due process may lie without regard to, or use of, the state's postdeprivation remedies.").

## IV.  ALLEGING AMERICANS WITH DISABILITIES ACT CLAIMS

Title II of the ADA applies to a "qualified individual with a disability who with or without reasonable modifications to rules, policies, or practices, . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).  A "disability" must fit one of three definitions under 42 U.S.C. § 12102(2) to be actionable under the ADA:  there must be "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; [or] (B) a record of such an impairment; or (C) being regarded as having such an impairment."

The Supreme Court has held that the plain language of Title II of the ADA extends to prison inmates who are deprived of the benefits of participation in prison programs, services, or activities because of a physical disability. *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 211, 118 S.Ct. 1952, 1955 (1998).

In order for a plaintiff to go forward on an ADA claim, he must first allege that he is a "qualified individual with a disability." 42 U.S.C. §12112(a).  A plaintiff also carries the burden of proving that a public entity denied him the benefits of its services or discriminated against him solely by reason of his disability. *Weinrich v. Los Angeles County Metropolitan Transportation Authority*, 114 F.3d 976, 978 (9th Cir. 1997).  Finally, a plaintiff must show intentional discrimination on the part of prison officials because he is seeking monetary damages. *Memmer v. Marin County Courts*, 169 F.3d 630, 633 (9th Cir. 1997) (stating that a plaintiff must establish defendants' deliberate indifference to recover monetary damages under Title II of the ADA).

Additionally, governmental entities are the proper defendants in Title II ADA claims.  Plaintiffs may not sue individual defendants in their individual capacities under the ADA. *Lollar v. Baker*, 196 F.3d 603, 610 (5th Cir. 1999) (citing *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010-11 (8th Cir.1999)) (the ADA's comprehensive remedial scheme bars the plaintiff's section 1983 claims against the commissioners in their individual capacities); *Silk v. City of Chicago*, 194 F.3d 788 (7th Cir. 1999); *Baird v. Rose*, 192 F.3d 462, 471 (4th Cir. 1999) (Title II of the ADA does not recognize a cause of action for discrimination by private individuals, only public entities).

## V.  DISCOVERY

### A. General Considerations

The purpose of discovery is to enable parties to obtain the evidence necessary to evaluate and



resolve the case before trial.  Some prisoners mistakenly believe that they can withhold their evidence until trial, but all relevant, non-privileged evidence is subject to discovery early in the case.  In most cases, the Court will order both parties to disclose all witnesses and documents that support the parties' claims and defenses once the prisoner has been authorized to proceed with his or her case.  The Court has broad discretion to limit the frequency and extent of any discovery method.  Fed. R. Civ. Proc. 16(b) and 26 (b)(2).

The main discovery methods utilized in prisoner litigation are written interrogatories (Fed. R. Civ. Proc. 33), production of documents (Fed. R. Civ. Proc. 34), and requests for admission (Fed. R. Civ. Proc. 36).  An interrogatory is a written question served by one party to another party, who must answer under oath and in writing.  A written document request is used to compel the other party to produce records or other evidence in their possession or under their control.  Parties may be compelled to produce documents through the document request, without the necessity of serving a subpoena.  A request for admission is the procedure whereby one party can request that the other party admit or deny the truth of any relevant fact or the genuineness of any relevant document.

The party answering, responding, or objecting to interrogatories, document requests, and requests for admission must quote each interrogatory or request in full immediately preceding the answer or objection thereto.  D. Idaho L. Civ. R. 26.1.  Interrogatories are limited to no more than twenty-five (25), including subparts.  Additional interrogatories can only be served if the parties stipulate to a greater number or the Court grants leave to serve more.

Interrogatories, document requests, and requests for admission can only be served on the parties to the lawsuit, namely the plaintiff and defendant.  If items are held by a non-party, prisoners may request the items from the third party by informal request or by subpoena duces tecum.  Fed. R. Civ. Proc. 45.

### B. Bringing Discovery Motions

A party will not be allowed to bring discovery disputes before the Court until after properly served discovery requests have been sent to the other party.  Fed. R. Civ. Proc. 34.  If a party failed to answer the discovery appropriately or within the time allowed by the rules, a motion to compel the responses can then be filed.  The motion to compel must include "in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion."  D. Idaho L. Civ. R. 37.2.  In addition, the motion must "specify separately and with particularity each issue that remains to be determined at the hearing and the contentions and points and authorities of each party as to each issue."  *Id.*  Thereafter, the party must be given the opportunity to respond to such a motion.

### C. Discovery Stayed for Qualified Immunity Defense Ruling

If defendants in your lawsuit claim they are entitled to qualified immunity against your claims, then discovery will not proceed until the threshold issue of qualified immunity is determined by the Court.  *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18, 102 S.Ct. 2727, 2738 (1982) (discovery is foreclosed in order to avoid burdening public officials with costly and time-consuming litigation). The Ninth Circuit has also affirmed the propriety of a stay of discovery pending the outcome of a motion on absolute

immunity, where a stay furthers the goal of efficiency for the court and litigants and the discovery could not have affected the immunity decision. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The Court will grant a protective order against discovery in a case until the issue of qualified immunity has been determined.

## VI.  APPOINTMENT OF COUNSEL

Prisoners should be aware that unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25, 101 S.Ct. 2153, 2158 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986). If you believe there are special circumstances warranting appointment of counsel in your case, please indicate the need on the prisoner civil rights complaint form.

The federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). Rather, when a Court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id.* The Court has no funds to pay for attorney's fees in civil matters, such as this one. Therefore, it is often difficult to find attorneys willing to work on a case without payment, especially in prisoner cases, where contact with the client is especially difficult. For these reasons, plaintiffs should attempt to procure their own counsel on a contingency or other basis, if at all possible.

## VII.  DISPOSITIVE MOTIONS

Section 1983 lawsuits are often resolved by *dispositive motions*. A dispositive motion is a motion that has the potential to "dispose of" or end the case. Two common dispositive motions are the motion to dismiss and the motion for summary judgment.

A *motion to dismiss* is brought under Rule 12 of the Federal Rules of Civil Procedure or pursuant to the Court's duty to dismiss claims under 28 U.S.C. § 1915 and 1915A. For example, a motion to dismiss may be brought if it appears from the complaint that your claims are barred by the statute of limitations.

A *motion for summary judgment* is brought under Rule 56 of the Federal Rules of Civil Procedure. This motion asserts that there are no genuine issues of material fact for the Court to resolve, and that the Court may decide the disputed issues as a matter of law. To oppose a motion for summary judgment which challenges the merits of your claims, you should file a *response*, outlining the important facts which support your opposition, and argue any applicable law to which you have access. If the respondent files a *statement of undisputed material facts*, you should file a statement of disputed material facts in response for those facts you dispute. These facts should be submitted in the form of an affidavit.

After you have filed your response to a dispositive motion, the respondent may or may not file a

reply. If a reply is filed, you are not entitled to file a "response" to the reply.

The court will take the motion under advisement and consider everything in the record which is properly before it. After consideration, the Court will issue a written Order. If the dispositive motion is granted, the case usually will be dismissed.

## VIII. APPEAL RIGHTS AND PROCEDURES

### A. Post-Judgment Motions and Proceedings

Motions to alter or amend the judgment in your case must be filed within ten (10) days after entry of the judgment. Fed. R. Civ. Proc. 59(e). Therefore, in order to file a timely motion under this rule, the prisoner must deliver the motion to the prison or jail officials within ten days of the date the judgment is entered. A motion seeking relief from a judgment or order may also be filed under Fed. R. Civ. Proc. 60 within a reasonable time or not more than one year from the entry of judgment. Typically, these motions are not granted unless the district court is presented with newly discovered evidence, committed clear error, or there is an intervening change in the controlling law. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Filing a motion for reconsideration within ten days of entry of the judgment tolls or stops the time within which an appeal must be filed.

### B. Notice of Appeal

An appeal of your § 1983 action must be filed within thirty (30) days of entry of judgment. The notice is timely if you deposit the notice of appeal in the prison mail system on or before the last day for filing. Fed. R. App. Proc. 4 (a) (1) and (c). The district court will file, process, and transmit your appeal to the Ninth Circuit Court of Appeals located in San Francisco.

### C. In Forma Pauperis Filing Status

If you were granted *in forma pauperis* status in the district court, the status automatically continues for the appeal, unless the district court certifies that the appeal is taken in bad faith or is frivolous. Do not file an additional motion requesting *in forma pauperis* status for the appeal.

If you were not previously granted *in forma pauperis* status in the district court, you may file a motion with your notice of appeal. If the motion is granted, you will automatically proceed *in forma pauperis* in the appellate court. If the district court denies your request, you may re-file a motion in the court of appeal.

### D. Transcripts and Counsel on Appeal

An appellant proceeding *in forma pauperis* may request the production of transcripts. The request should first be made in the district court. If the district court denies the request, the appellant may file the request with the court of appeal.

Requests for appointment of counsel should be filed with the court of appeal.  It is not necessary to first make the request in the district court.

## IX.  CONCLUSION

Case law interpreting 42 U.S.C. § 1983 is constantly changing.  The purpose of this prisoner self-help packet is to provide general guidance regarding your civil rights under § 1983.  The packet is not intended to be an exhaustive recitation of the law governing the topics covered herein, but it will provide a starting point.  The packet should not be construed as a substitute for legal advice from an attorney.

It is always best to consult an attorney to determine whether any subsequent changes to the foregoing law have occurred.  The best results will be achieved when an attorney helps you prepare and pursue your civil rights case.  The prison or jail resource center has a list of all attorneys whose telephone numbers are programmed into the institutional telephone system.  These calls are not monitored.  If your attorney is not on the list, you may request that his or her telephone number be added to the non-monitored list.

Dennis Johnson                                    FEDERAL COURTHOUSE
100 N. Lamar st                                   501 West 10th STREET
Fort worth, Texas 76102                           Fort worth, Texas 76102
Sent 4-9-13              I   Need Emergency help care Pleas

I'm writing concerning about getting help with my mental Health problems I'm have. I been giving the wrong medication that makes me sick when I take that Dr Wu from M.H.M.R gave me and I singed a paper saying that back in the month but Dr Wu prescribed me the same medication and it is giving me real bad side effects and having me hearing voices and seeing dead peoples in my sleep and in the room and every where I go I told Dr Wu that and she still prescribed me the same medica

I been trying to get help from a mental Health Dr to stop me from seeing and he them thing it's stoping me from sleep. I asked the M.H.M.R Dr to send me to a mental hea hospital to get help and to get the right medication to help me stop seeing them dead pe and them crying dead peoples from around me, Or just send me back to J.P.S Hospital for help to my M.H.M.R Dr that seen me on 12-29-12 on the 10th floor at mental Floor wh I can get help at or Just to Texas State Hospital or wichita falls Hospital or verno Texas Hospital. I just want help with my mental Health problems. And I was told to put a 1983 form on M.H.M.R Dr and Dr Wu at Tarrant county Jail M.H.M.R Dr for giving me the wrong medication. And the Law library told me to write to the Federal Courthou to get help.

I been writing everyone I can to get help like my Laure JAy Gilbert cabell an 902 S Jennings, AVE Fort worth Texas 76104. And District Attorney Joe shannon JI and Tom wilder District clerk. And my Judge Mollee westfall. And Tarrant county Director of ADministration Paul Duncan 3840 South Hulen st Fort worth, Texas 76107. And writing Grievance and appeal Grievance.

I have a mental problem and can't get help from any Dr from M.H.M.R Drs. I can't get anyone to answer me are call me out or to try to get me help. Pleas can You help me to get help or to a mental Health Hospital for help. Or get in to court that can help me on to a mental Hospital program that can also help me are help me ask my Judge to help me get mental help and in to a Durgs program also. Because I don't cant to die here in Jail or in prison because of my mental Health problems. And let them dead peoples get me I'm seeing all the time and in my sleep and them voices keep talking to me all the time I don't want to be sick like this with out help Pleas. Help me get to a mental Hospital Pleas. Them dead peoples is tryi to Kill me, I need some ones help with my life and to a program call cenikor Foundation of Fort worth 2209 South main street fort worth, Texas 761 2110 (817) 921-2771 or the D.I.R.E.C.T Drug court program anything to help me with my program. me mental mental health problems or my Drug pro

I did not want to so I t but if you need any help in any kid of way I'll help you to help my self with my mental problem and Drug problem and get into a mental Hospital

I'll Help get some one you been trying to get in a federal case if you need me if you need me to help you Fight a Drugs case on sone or Just tell on sone one thats dealing with Drugs any thing you ask of me Just to get me son help and to a mental Health For help For myself Just help me get help pleas.

I'll wave a my rights to get help in any kid of way If you can help me I'll help you in any Kid of way Pleas call me out and talk to me about what ever ok Dennis John Dennis Johnson

If you need help on Federal Case or State cases or what ever you need

Can you call me out before I go to court on 5-1-13 I ned to talk and me a deal on anything you what me to do. And when I get out I'll help you with any thing you need also. I Just went help with my mental problems and help with my Drugs problems and help into a mental hospital for help with my mental problems

Just call me out at anytime you need me ok

# NOTICE



Pursuant to the Deficit Reduction Act of
2005, effective April 9, 2006:
• the fee for filing a civil case (including a
Prisoner Complaint Under the Civil Rights
Act, 42 U.S.C. 1983) in the United States
District Court will increase to $350.00, and
• the fee for filing a Notice of Appeal to the
U.S. Court of Appeals for the Fifth Circuit
will increase to $455.00.
The fee for filing a Petition for Writ of
Habeas Corpus by a State Prisoner, 28 U.S.C.
§ 2254, or by a Federal Prisoner, 28 U.S.C. §
2241, will remain $5.00.

one copy for the Court. "Filing Fee and In forma Pauperis"

Case 4:13-cv-00336-A   Document 1   Filed 04/25/13   Page 24 of 25   PageID 24

Number one, Complaint: ON M.H.M.R Dr, I was giving the wrong medication and it made me sick in the 2 month of 2013 and on 3-2-13. M.H.M.R Dr gave me the same medication that made me sick the month before, I singed a paper that says the medication makes me sick, And gave me real bad side effects and having me seeing dead peoples and hureing voices, And I also been trying to go to a mental Hospital to get help with my mental problems by M.H.M.R Dr or by the courts to get help with my mental Problems but No help yet from any one in M.H.M.R. I Just don't want to be sick like this any more. I want them voices and dead peoples to go away I don't want to die here in Jail or prison don't want them dead peoples to get me. I want help from a mental health Dr, And the courts to Pleas help me.

If M.H.M.R Dr Wu Can send me back to the mental Health Dr, Over to M.H.M.R at JPS Hospital to Represcribed me new medication for me and also let JPS Hospital Send me to a Mental Hospital. Of there on like North Texas state Hospital/or Wichita Falls/or Vermon Texas Hospital. Where I can be seen by a Psychiatric or Psychiatrist, Or Just by some one that can help me out.

And this is the names of all the peoples I wrote for help. Tarrant county Director of ADministration Paul Duncan 3840 South Hulen st fort worth, Texas 76107, And my Attorney JAy Gilbert Caballero and Judge Mollee westfall Court D 371, and Tom Wilder District clerk, And District Attorney Joe Shannon JR. and Tarrant county M.H.M.R Dr wu. But Not answers back yet and also the courts, I wrote to. But on 4-2-13 a man from M.H.M.R came to see me at 7:30pm to try to get me some help with my medication name mr. matt he a Conselor for M.H.M.R. Tryed to get

U.S. DISTRICT COURT
NORTHERN DIST. OF TX.

2013 MAR 25 PM 2: 12

CLERK OF COURT

USA FIRST-CLASS FOREVER

$01.720
0004246191
MAILED FROM ZIP CODE 76102
APR 24 2013

DENNIS JOHNSON 41801-bed-3
100 N. Lamar St
Fort Worth, Texas 76102
Emergency help

Legal mail

FEDERAL Court House
501 West 10th STREET
Fort Worth, Texas 76102

LEGAL MAIL